UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEFFREY T. WORTHLEY,<br><br>          Plaintiff,<br><br>     v.<br><br>SCHOOL COMMITTEE OF GLOUCESTER; and BEN LUMMIS, in his official and personal capacities,<br><br>          Defendants. | Civil Action No. 1:22-cv-12060-DJC |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
EMERGENCY MOTION FOR RECONSIDERATION**

Defendants have submitted an email, rather than a filing, regarding their intent to oppose the Plaintiff's motion for a preliminary injunction. In responding, the Clerk unintentionally acted to deny the relief sought in a second emergency motion—for an expedited hearing on that injunctive motion. *See* **Exhibit A**. Removal can accidentally function as a means of delay, but that is not its purpose. Defendants were served the preliminary injunction motion (Dkt. No. 8) on November 28, 2022. Under ordinary practice, their 14-day deadline to respond under the Local Rules would have been December 12, 2022. The Clerk's ruling, however, if interpreted to mean 14 days from *today* means the opposition is not due until December 21, 2022. This functionally denies the emergency motion for a hearing (Dkt. No. 9). Plaintiff, therefore, asks the Court to reconsider the denial of the motion at Dkt. No. 9.

A State Court hearing on this matter was scheduled for Dec. 8, and Plaintiff requires relief by December 16, 2022. On December 16, Plaintiff's 8th grade son, who plays the trumpet in the middle school jazz band, is joining the Gloucester High School band at a joint holiday concert.[1] Because of the Defendants' actions in unconstitutionally banning Plaintiff from attending

---

[1] *See* GHS Music Facebook Page, December 1 at 4:54PM post, (accessed Dec. 7, 2022), https://www.facebook.com/GloucesterHSMusic.

Gloucester High School sponsored events and now delaying injunction proceedings, Plaintiff will be barred from watching his son play the trumpet at a once-in-a-lifetime event open to the public.

The state court felt that setting a hearing date ten days from Plaintiff filing his Emergency Motion for a Preliminary Injunction was sufficient—recognizing the exigency of ruling on this constitutional deprivation. Defendants offer no reason that ten days was not sufficient. The gamesmanship of the Defendants should not be rewarded.

The Defendants chose to remove this matter, and thus to subject themselves to Fed. R. Civ. P. 60(b) and 65, which permits the Court to set aside the gamesmanship of delay. Plaintiff's preference is to have this hearing on December 8, which would be proper under Fed. R. Civ. P. 65. In fact, it would be proper for this Court to now to grant a temporary restraining order without a hearing, on the limited relief of permitting Worthley to attend a Christmas concert, and then have a hearing within 14 days on the preliminary injunction Fed. R. Civ. P 65(b)(3) (or even perhaps thereafter). Mr. Worthley can readily abide a hearing that gives time for relief by December 16, including (if necessary) emergency relief before the 1st Circuit. Pursuant to Fed. R. Civ. P. 60(b) and 65(b), Plaintiff requests this Court reconsider and grant Plaintiff's request for a temporary restraining order in light of the Defendants' gamesmanship of delay, and Plaintiff incorporates by reference his arguments in his prior motions. *See* Dkt. Nos. Nos. 8-9.

It is equitable for this Court to act expeditiously. Mr. Worthley was punished for speech protected under the First Amendment and he was deprived of due process under the Fifth and Fourteenth Amendments. The Defendants banned Plaintiff from attending Gloucester High School events despite the alleged conduct by Plaintiff not taking place during a school-sponsored activity. The alleged events took place on election day at a polling location and public schools were closed. Defendants' alleged justification for banning Plaintiff from school-sponsored events is not rationally related to Plaintiff's conduct in the first instance.

The balance of the hardships here could not be more stark. Mr. Worthley is suffering daily consequences for the government's retaliation against him for his First Amendment protected speech, and daily damage from the deprivation of due process. Accordingly, a delay of even a

single day is prejudicial and causing irreparable harm.  However, there is an event he wishes to, and has every right to, attend on Dec. 16. Delay is harm here.  That harm will be multiplied by the fact that the concert is on Dec. 16.  The Defendants were asked to simply lift the Order for this one event, but have so far, refused to do so.  This pettiness is inexcusable.

Rule 60(b)(1) permits the Court to reconsider the Clerk's decision.  It is obvious that the Clerk did not intend to make a substantive decision affecting Plaintiff's rights—especially doing it by e-mail, off the docket, and without any explanation.  This is a plain mistake and was inadvertent by the Clerk.  It was also a surprise, as Plaintiff had no opportunity to respond before the Clerk made this substantive decision.  It is otherwise subject to reconsideration under Rule 60(b)(6), as it would be inequitable to substantively deprive Mr. Worthley of the chance to see his son play at the high school with his middle school jazz band.  It is likely even Defendants did not intend their motion to have the practical effect of being an opposition to the motion at Dkt. No. 9, else they would have filed it on the record.

This Court, therefore, should reconsider the Clerk's ruling.  A hearing on the motion for preliminary injunction (Dkt. Nos. 8 & 10) must be held prior to December 16, 2022.[2]

Dated:  December 7, 2022            Respectfully Submitted,

/s/ Jay M. Wolman
Marc J. Randazza, BBO# 651477
Jay M. Wolman, BBO# 666053
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (978) 801-1776
ecf@randazza.com

Attorneys for Plaintiff
Jeffrey T. Worthley

---

[2] In the alternative, the Court is authorized to reexamine interlocutory order of state courts under 28 U.S.C. § 1450, including modifying temporary restraining orders. *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 561 n.4 (1968).  To that end, the Court could issue a Temporary Restraining Order now lifting the No Trespass Order, at least to permit Mr. Worthley to attend the concert.  What prejudice could the Defendants suffer from a man being permitted to watch his child perform in a Christmas concert?  None.  But, the hardship to Mr. Worthley is incalculable.

Case No. 1:22-cv-12060

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 7, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Jay M. Wolman
Jay M. Wolman