## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JEFFREY T. WORTHLEY,<br><br>      Plaintiff,<br><br>v.<br><br>SCHOOL COMMITTEE OF<br>GLOUCESTER; and BEN LUMMIS, in<br>his official and personal capacities,<br><br>      Defendants. | Civil Action No. 1:22-cv-12060 |

## JOINT SCHEDULING CONFERENCE STATEMENT

Pursuant to Local Rule 16.1 and Fed. R. Civ. P. 26(f), counsel for the parties conferred on February 17, 2023.  Plaintiff Jeffrey T. Worthley and Defendants School Committee of Gloucester and Ben Lummis jointly submit this Scheduling Conference Statement in anticipation of the scheduling conference set for February 27, 2023.

## PROPOSED SCHEDULING CONFERENCE AGENDA

The parties jointly propose the following agenda for the Scheduling Conference:

    (a) Pretrial Schedule

    (b) Potential for early resolution, including referral to mediation before a magistrate judge.

**PENDING MOTIONS**

None

**REASSIGNMENT TO A MAGISTRATE JUDGE**

The Parties do not consent to reassignment of the case to a magistrate judge for all

purposes.

**CONCISE STATEMENTS ON LIABILITY AND RELIEF**

Plaintiff's Concise Statement on Liability and Relief:

Plaintiff, Jeff Worthley, is a City Councilor in Gloucester and is a civic-minded individual,

whose projects include a volunteer corps for Gloucester, akin to the Peace Corps.  On November

8, 2022, while voting at Gloucester High School, Mr. Worthley met a student government leader,

K.F., who was running a bake sale.  They had a brief conversation about student engagement and

civic projects.  K.F. sought her City Councilor's phone number in furtherance of these efforts and,

upon being provided it, called Mr. Worthley to ensure (at her own impetus) that he had her phone

number.  They subsequently communicated through SMS messaging, and K.F. advised Mr.

Worthley that she would not be able to then commit to the volunteer corps project.

Mr. Worthley was called to a meeting on November 14, 2022, by the City Attorney, where

he had no advance notice of the purpose or opportunity to address a No Trespass Order the City

Attorney ambushed him with on behalf of the Superintendent.  Even the Police Chief admitted

there was to be no due process.  It was issued on account of Mr. Worthley's First Amendment-

protected communications with K.F., which the Superintendent admitted posed no danger.  Mr.

Worthley promptly filed suit under Section 1983 due to its retaliatory nature, overbreadth, and

prior restraints to vindicate his First Amendment rights. Civic leaders routinely communicate with

high school students about potential projects—this is not something untoward, but rather

encouraged by the City and the Schools.  The Court, rightly, enjoined the No Trespass Order,

observing Mr. Worthley has a substantial likelihood of succeeding on his First Amendment claim. As a result, there is a substantial likelihood he will be awarded damages for the inability to attend past functions, for his emotional distress, and for the severe damage to his reputation, as well as reimbursing him his fees in this matter.  These appear to be politically-motivated actions as informed by the actions of City Council President Gilman to attempt to collaterally sanction him, demonstrating the injury to his reputation.  His character has been unduly assassinated. Defendants, unfortunately, will not relent and, again without due process and based on shifting purported explanations, issued a modified No Trespass Order on January 13, 2023, which Plaintiff will seek to enjoin if the parties are unable to successfully mediate this matter.

Defendants' Concise Statement on Liability and Relief:

This case arises from the plaintiff's solicitation of a minor student's contact information and later communications with that student, which caused the minor student, as well as her parents, to be uncomfortable; and the Superintendent's subsequent issuance of a No Trespass Order to the plaintiff as a result of his conduct.  The original No Trespass Order (issued November 14, 2022) as well as the Modified No Trespass Order (issued January 13, 2023) are content neutral time, place, and manner restrictions, which are not aimed at plaintiff's speech, but were issued to address plaintiff's conduct.  Further, the No Trespass Orders were not issued for retaliatory purposes; and sufficient process both prior to and after the issuance of the No Trespass Orders was provided and/or offered to plaintiff.  Defendants intend to explore the nature, extent, and causation of plaintiff's alleged damages in discovery.  The Defendants have agreed to attempt mediation in an effort to resolve this matter short of trial.

**PROPOSED PRETRIAL SCHEDULE**

The Complaint was filed November 23, 2022 (ECF No. 1-2), the answer of Defendants School Committee of Gloucester and Ben Lummis was filed December 12, 2022 (ECF No. 16). Counsel for Plaintiff and Defendants jointly propose the following pretrial schedule:

|  | Proposed Dates |
|---|---|
| Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) | Fourteen days after the scheduling conference, i.e., March 14, 2023 |
| Deadline to amend pleadings and join parties | April 28, 2023. |
| Close of fact discovery, including service of responses to written discovery requests and completion of all depositions of fact witnesses | August 31, 2023 |
| Plaintiff's trial experts designated and information required by Fed. R. Civ. P. 26(a)(2) | September 15, 2023 |
| Defendant's trial experts designated and information required by Fed. R. Civ. P. 26(a)(2) | October 15, 2023 |
| Deadline for disclosure of Plaintiff's Rule 26(a)(2) rebuttal expert report(s) | At the close of all discovery, the Court shall hold a status conference, at which time it will set a schedule for the conducting of expert discovery, if necessary. |
| Deadline for disclosure of Defendant's Rule 26(a)(2) rebuttal expert report(s) | At the close of all discovery, the Court shall hold a status conference, at which time it will set a schedule for the conducting of expert discovery, if necessary. |
| Deadline for completion of expert depositions | November 15, 2023 |
| Deadline for dispositive motions | December 15, 2023 |

## PROPOSED DISCOVERY PLAN

Pursuant to Fed. R. Civ. P. 26(f)(3), the parties accordingly propose the following discovery plan:

(a) No changes should be made to the timing, form, or requirement for initial disclosures, which shall be made as set forth above;

(b) The parties have considered the desirability of conducting phased discovery.

The parties agree that phased expert is to be completed after the completion of fact discovery.

- 

(c)  The parties are unaware of any issues about disclosure, discovery, or preservation of electronically stored information.

(d)  The parties are unaware of any issues of claims of privilege or of protection as trial-preparation materials at the present time and reserve all rights to assert privilege and work-product objections where necessary and appropriate.  To the extent necessary, the parties agree to confer and make a good faith effort to jointly propose a protective order to facilitate the disclosure of information.  In the event of inadvertent disclosure of privileged or protected materials, the disclosing party shall give the receiving party prompt notice of same, and the receiving party shall not use such material in a manner inconsistent with the nature of the privilege or protection except as permitted by Court order.

(e)  The parties propose no changes to the limits on discovery under the rules.

(f)  The parties propose the following additional orders:

- That the parties are authorized to conduct remote depositions without further leave of court.

- To the extent that any of the parties intend to serve interrogatories in excess of 25 or to serve more than two sets of requests for production, such party shall seek leave of Court pursuant to Local Rules 26.l (C) and 26.2(B).  The parties request that each non-testimonial Keeper of the Record deposition seeking documents not be considered a deposition for purposes of Local Rule 26.l(C).

## CERTIFICATIONS

The parties' certifications of compliance with Local Rule 16.1(d)(3) will be filed forthwith.

Dated: February 17, 2022                    Respectfully Submitted,

                                       /s/ Jay M. Wolman
                                       Marc J. Randazza, BBO# 651477
mjr@randazza.com, ecf@randazza.com
Jay M. Wolman, BBO# 666053
jmw@randazza.com
Robert J. Morris, II (*pro hac vice*)
rjm@randazza.com
Randazza Legal Group, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (978) 801-1776

Attorneys for Plaintiff

Dated: February 17, 2023                    Respectfully Submitted,

                                       /s/ Matthew J. Hamel
John J. Davis (BBO #115890)
Matthew J. Hamel (BBO #706146)
PIERCE DAVIS & PERRITANO LLP
10 Post Office Square – Suite 1100N
Boston, MA 02109
(617) 350-0950
jdavis@piercedavis.com
mhamel@piercedavis.com

Attorney for Defendants

Case No. 1:22-cv-12060

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 17, 2023, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy

of the foregoing document being served via transmission of Notices of Electronic Filing generated

by CM/ECF.

/s/ Jay M. Wolman
JAY M. WOLMAN